1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

4

5

6

7   BRANLETT EUGENE KIMMONS,          Case No.  22-cv-04447-JSC

            Plaintiff,

8                                      **ORDER GRANTING MOTION TO
                                       DISMISS**

9       v.
                                       Re: Dkt. No. 17

10  KILOLO KIJAKAZI,

            Defendant.

11

12

13          Plaintiff, representing himself, filed this action seeking judicial review of a decision by the

Commissioner of Social Security. (Dkt. No. 1.[1]) The Commissioner thereafter filed the now

14  pending motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

15  (Dkt. No. 10.) Plaintiff did not file a response to the motion to dismiss, and instead, filed a notice

16  of appeal to the Ninth Circuit Court of Appeals indicating he was seeking review of the

17  "scheduling order social security review action." (Dkt. No. 11 at 5.) The Ninth Circuit Court of

18  Appeals dismissed the appeal for lack of jurisdiction, noting this Court has "not issued any orders

19  that are final or appealable." (Dkt. No. 13.) On December 19, 2022, the Court ordered Plaintiff to

20  submit a response to the Commissioner's motion.  (Dkt. N. 14.)  Plaintiff did not do so and the

21  Court ordered Plaintiff to show cause in writing by February 3, 2023, as to why this action should

22  not be dismissed for failure to prosecute.  (Dkt. No. 17.)  On February 9, 2023, Plaintiff filed a

23  response to the Court's order.  (Dkt. No. 21.)  Plaintiff's response indicates he seeks review of a

24  January 5, 2023 "fully favorable" decision granting his application for supplemental security

25  income.  (Dkt. No. 21; Dkt. No. 21-1.)   Having reviewed Petitioner's response, the Court

26

27

28  [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
    ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

1    GRANTS the government's motion to dismiss this action for lack of subject matter jurisdiction.

2                                      **DISCUSSION**

3          "Federal courts are courts of limited jurisdiction. They possess only the power authorized

4    by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

5    (1994). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a

6    continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson*

7    *v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) (internal

8    quotation marks and citations omitted); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.

9    2004) (noting district courts are "obligated to consider sua sponte whether [they] have subject

10   matter jurisdiction").

11         The Social Security Act provides an individual may seek review of a final decision of the

12   Commissioner of Social Security. 42 U.S.C. § 405(g) ("Any individual, after any final decision of

13   the Commissioner of Social Security made after a hearing to which he was a party, irrespective of

14   the amount in controversy, may obtain a review of such decision by a civil action commenced

15   within sixty days"). The Act does not permit courts to review actions taken by the Commissioner

16   prior to the issuance of a final decision. 42 U.S.C. § 405(h) ("No findings of fact or decision of the

17   Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental

18   agency except as herein provided."); *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) ("The

19   Social Security Act grants to district courts jurisdiction to review only 'final decisions' of the

20   Commissioner.").

21         Plaintiff's response to the Court's Order to Show Cause indicates he seeks review of a

22   January 5, 2023 decision by Administrative Law Judge Julia Mariani.  (Dkt. No. 21 at 1.)   This

23   decision, however, was issued over five months *after* this action was filed.  Further, the

24   Administrative Law Judge's decision is not a final decision subject to judicial review.  *See Bass v.*

25   *Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1988) ("The decision made following the hearing

26   does not become the final decision of the Secretary until the claimant requests review by the

27   appeals council, and the appeals council either grants or denies review.").  Accordingly, the Court

28   lacked jurisdiction to review this action, both at the time it was filed in August—before the

                                             2

1   Administrative Law Judge's decision—and now because the Administrative Law Judge's opinion

2   is not final until the Appeals Council either grants or denies review.  *Id.* ("A claimant's failure to

3   exhaust the procedures set forth in the Social Security Act ... deprives the district court of

4   jurisdiction."); *see also Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization*, 858 F.2d

5   1376, 1380 (9th Cir. 1988) ("Subject matter jurisdiction must exist as of the time the action is

6   commenced."); *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir.2004) ("If jurisdiction is

7   lacking at the outset, the district court has no power to do anything with the case except dismiss.").

8   Plaintiff has until March 3, 2023 to file an appeal with the Appeals Council.  Once the Appeals

9   Council issues its decision, Plaintiff can seek review in this Court.

**CONCLUSION**

For the reasons stated above, the Court dismisses this action for lack of subject matter
jurisdiction.

Plaintiff is reminded he can contact the Legal Help Center for free assistance; he can make
an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket No. 10.

**IT IS SO ORDERED.**

Dated: February 14, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3